121  431
122  592

[Crim. No. 416. Department One.—July 16, 1898.]

THE PEOPLE, Respondent, v. LUDWIG A. STREUBER, Appellant.

CRIMINAL LAW—INSTRUCTIONS—GOOD CHARACTER.—It is proper to refuse to instruct the jury to the effect that, in a case otherwise doubtful upon the evidence, evidence of good character was conclusive of defendant's innocence. Upon no conceivable facts is the court authorized to instruct the jury that the defendant's innocence conclusively appears.

ID.—BURDEN OF PROOF—EXPLANATION OF CIRCUMSTANCES—ERRONEOUS INSTRUCTION.—An instruction that "it is not incumbent upon the defendant to prove his innocence, nor is it incumbent on him to explain suspicious circumstances, unless they shall tend in some degree to explain his guilt," is erroneous. In no case, except where the burden of proof shifts to the defendant, is it incumbent upon him to explain anything; but he has the right to stand mute, and demand that the people make the case against him beyond a reasonable doubt. No presumption is raised against him by the law if he does not attempt to explain, and remains silent.

ID.—PERMITTING WIFE TO REMAIN IN HOUSE OF PROSTITUTION—INSTRUCTIONS—UNION OF ACT AND INTENT—SIGNIFICATION OF STATUTORY WORDS.—Upon the trial of a defendant charged with the crime of allowing and permitting his wife to remain in a house of prostitution, an instruction requesting that in every crime there must be a joint union of act and intent could well have been given; but the refusal of it is harmless, where the court gave to the jury the signification of the words "permit" and "allow," as used in the statute.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Fred. W. Fry, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

GAROUTTE, J.—The defendant has been convicted of a felony and appeals from the judgment and order denying his motion for a new trial. By the appeal he attacks the law given and refused by the trial court.

Complaint is first made because the court refused to instruct

the jury to the effect that, in a case otherwise doubtful upon the evidence, evidence of good character was conclusive of defendant's innocence. This instruction was properly refused, one reason justifying this refusal being that upon no conceivable state of facts is the court authorized to instruct a jury that the defendant's innocence *conclusively* appears. Other good reasons are plentiful to support the action of the court.

The court gave to the jury the following instruction: "It is not incumbent upon the defendant to prove his innocence, nor is it incumbent on him to explain suspicious circumstances unless they shall tend in some degree to establish his guilt." This instruction does not contain a satisfactory statement of the law. We believe it may be said that in no case, except in those cases where the burden of proof shifts to the defendant, is it necessary or even incumbent on him to explain anything. He has the right to stand mute and demand that the people make the case against him beyond a reasonable doubt. However strongly incriminating circumstances of his guilt may come from the mouths of witnesses when testifying upon the witness stand, it is a mere matter of choice upon his part, either to attempt an explanation of those circumstances or remain silent. No presumption against him is raised by the law, if he does not make the attempt to explain and remains silent. It is elementary law that the defendant is not required to take the witness stand, and that no presumption can be indulged against him by reason of his failure to testify in the case.

The defendant was charged and convicted of a felony which consisted in allowing and permitting his wife to remain in a house of prostitution. It is now claimed that a substantial error was committed by the trial court in refusing to give an instruction to the effect that in every crime there must be a union of act and intent. This instruction could well have been given. But in view of the fact that the court gave to the jury the signification of the words "permit" and "allow," as used in the statute, no substantial grounds of complaint are found in this contention. The information states an offense.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Van Fleet, J., and Harrison, J., concurred.